IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MAXIMILIANO AMPARO CONCEPCION

Plaintiff

v.

CORRECTIONS OFFICER VALENTIN, et al.

Defendants

CIVIL NO. 96-2000(PG)

Section 1983

OPINION AND ORDER

Counsel for defendants has advised the Court that pro se plaintiff Maximiliano Amparo Concepción escaped from confinement on October 12, 1998. At this time, plaintiff Maximiliano Amparo Concepción has two cases pending before the Court's docket, to wit, <u>Amparo Concepción v. Corrections Officer Valentín, et al.</u>, Civil No. 96-2000(PG), filed on October 16, 1996, and <u>Amparo Concepción v. Adm. of Corrections, et al.</u>, Civil No. 95-2448(PG), filed on November 28, 1995.

In view of defendants' "Informative Motion" (Civil No. 96-2000(PG) -- Docket No. 46) and "Motion for Leave to Submit Documents ... in Spanish Language" (Civil No. 95-2448(PG) - Docket No. 31), and having examined the copies of the Complaint, Warrant of Arrest, and Fugitive Requisitory attached thereto, the Court takes judicial notice of plaintiff's fugitive status.

It stands to reason that plaintiff's failure to prosecute this case mandates dismissal on the merits pursuant to Fed. R. Civ. P. 41(b). Dismissal of this case is further mandated by application of the fugitive disentitlement doctrine, <u>see, e.g.</u>, <u>Molinaro v.</u>



AO 72A
(Rev.8/82)

Civil No. 96-2000(PG)                          Page -2-

New Jersey, 396 U.S. 365, 366 (1970), pursuant to which we conclude that plaintiff's fugitive status disentitles him "to call upon the resources of the Court for determination of his claim." Id.

WHEREFORE, for the reasons set forth herein, defendants' "Informative Motion" (Docket No. 46) is NOTED and the Complaint in this case (Docket No. 2) is hereby DISMISSED; judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of February, 2000.

JUAN M. PEREZ-GIMENEZ
U.S. DISTRICT JUDGE

AO 72A
(Rev.8/82)